James T. COGDELL, Petitioner,

v.

Delbert C. JACKSON et al.,
Respondent.

Civ. A. No. 74–1657.

United States District Court,
District of Columbia.

May 9, 1975.

Nancy C. Crisman, The National Prison Project, Washington, D. C., for petitioner.

Martin L. Grossman, Civil Proceedings Div., Corp. Counsel of the District of Columbia, Washington, D. C., for respondent.

## MEMORANDUM AND ORDER

BRYANT, District Judge.

Petitioner has moved this court to grant him a writ of habeas corpus ordering various officials employed by the District of Columbia Department of Corrections to recompute his sentence. He argues that the sentences for his two most recent convictions should be computed consecutively. Due to the intricacy of sentence computation, it is necessary to detail Mr. Cogdell's current legal status.

On May 12, 1970, Judge Green of this court sentenced Cogdell to four consecutive ten-month sentences for four counts of attempted forgery.[1] Cogdell was eligible for parole after serving

---

1. These sentences were concurrent to four prior 180-day sentences which Cogdell received in the District of Columbia Superior Court on June 24, 1969, and thus became the superior sentence for purposes of sentence computation. Cogdell has remained incarcerated continuously since he began serving the Superior Court sentences in 1969.

one-third of this 40-month sentence, or 13⅓ months from November 27, 1969, his date of conviction. On May 12, 1971, while Cogdell was serving Judge Green's sentence, Judge Walsh, also of this court, sentenced him to 20 years to life,[2] following Cogdell's conviction for felony murder,[3] to be served consecutively to the previous 40-month sentence.[4] Following Judge Walsh's sentence, and in accordance with accepted and proper sentencing computation procedures, the Department of Corrections computed Cogdell's parole eligibility date by aggregating the minimums of his two sentences,[5] making him eligible for parole after he had served 21 years, 1⅓ months—the sum of Judge Green's 13⅓ month minimum and Judge Walsh's 20-year minimum.

In July of 1972, while his appeal of the conviction before Judge Walsh was pending before the United States Court of Appeals for the District of Columbia, Judge Walsh granted petitioner's motion for a new trial. Cogdell was retried before Judge Gasch and was reconvicted on February 22, 1973. On April 25, 1973, Judge Gasch resentenced Cogdell to a term of 5 to 20 years to run "consecutively to any other sentence then being served."[6]

Since the date Cogdell had completed serving the sentence, March 27, 1973, had passed when Judge Gasch sentenced him on April 25, 1973, the Department of Corrections did not compute Cogdell's sentences consecutively.[7] Rather than aggregating Judge Green's 13⅓ month minimum with Judge Gasch's five year minimum for purposes of determining Cogdell's parole eligibility, the Department of Corrections has declared Cogdell eligible for parole consideration five years following the short-term release date[8] of Judge Green's sentence. As a consequence, Mr. Cogdell will not be eligible for parole until April 6, 1977,[9] whereas he would have been considered for parole one year and three months earlier if the sentences had been computed consecutively.[10]

The Department of Corrections has responded to the petition of habeas corpus by moving to dismiss or, in the al-

2. Cogdell was eligible for parole after serving 20 years of Judge Walsh's life sentence, 22 D.C.Code § 2404 (1973).

3. On the same date Judge Walsh also sentenced Cogdell to 15 years to life for attempted robbery while armed, and 3 to 10 years for carrying a pistol without a license, to be served concurrently with the 20 years to life sentence.

4. Since Judge Walsh did not designate whether the sentence should be served consecutively or concurrently with Judge Green's, this sentence was run consecutively to Judge Green's sentence pursuant to 23 D.C.Code § 112 (1973).

5. See affidavit of John Remakus, filed April 23, 1975, for a discussion of aggregation of minimums in computing a consecutive sentence.

6. Judge Gasch sentenced Cogdell to 5 to 20 years for second degree murder, 5 to 20 years for attempted robbery while armed, and 3 to 10 years for carrying a pistol without a license, to run concurrently with each other.

7. See affidavit of Eugene Inge, appended to respondent's January 10, 1975 Reply to Petitioner's Memorandum for the Record.

8. A prisoner released on his short-term release date has served the full term of his sentence less good time earned. *See* 18 U.S.C. § 4161 (1970). Cogdell's short-term release date on Judge Green's sentence was April 7, 1972. Affidavit of Eugene Inge, *supra.*

9. Affidavit of Eugene Inge, *supra.*

10. If the sentences are computed consecutively, Cogdell will be eligible for parole in 6 years, 1 month, and 10 days (the aggregate of the minimums of the two sentences) from the time he began serving Judge Green's sentence, which was November 27, 1969. This is approximately January 6, 1976.

Apparently, Cogdell has received 152 days of pretrial credits for time served between January 23, 1969, and June 23, 1969. This new credit, which is unrelated to any issue raised in the habeas corpus petition, will push Cogdell's parole eligibility back to August 5, 1975, if his sentence is computed consecutively. Affidavit of John Remakus, filed April 23, 1975.

ternative, for summary judgment.[11] As the primary argument in support of this motion, respondent argues that "petitioner's contentions with respect to the computation of his sentence have been decided on the merits by this court on two prior ocassions (*sic*)". In support of this argument, the government refers this court to two orders issued by Judge Gasch on November 29, 1973 and July 11, 1974.

■ There are two reasons why this argument must fail. First, although Cogdell has previously challenged the computation of his sentence in two Motions for Reduction of Sentence, the record does not reveal that any other court has thoroughly considered the issue Cogdell raises here. Judge Gasch's second and longer order deals with a mistake initially made by the correction officials in computing Judge Walsh's life sentence as concurrent rather than consecutive. More importantly, the United States Court of Appeals for the District of Columbia, on September 3, 1974, affirmed Judge Gasch's second order denying the motion for reduction of sentence "without prejudice to appellant's filing of petition for habeas corpus in an appropriate forum,"[12] indicating that it had not considered the merits of Cogdell's appeal. Accordingly, Cogdell's habeas petition is not barred by any prior legal proceeding.[13]

■ As to the merits, the respondents argue that Cogdell was properly credited for 383 days pretrial time for time served between the short-term release date on Judge Green's sentence and his sentencing by Judge Gasch, and that

the Department of Corrections has computed Cogdell's sentence in accordance with its procedures: that is, "upon vacation, the earlier sentence for the offense and the credits earned under it no longer enter into the computation of the present sentence."[14] The petitioner does not contest these arguments, but counters that the Department's computation of his sentence violates the intent of Judge Gasch's sentence, and contravenes *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). After measuring the respondent's computation methods against *North Carolina v. Pearce*, this court finds that petitioner's argument has considerable merit.

The Department of Corrections' methods of computing sentences contravenes *North Carolina v. Pearce* in two respects. First, the Department has not given Cogdell full credit for time served on Judge Walsh's vacated sentence. Under the Department's computation following Judge Walsh's sentence, Cogdell began serving the 20 year to life sentence for purposes of parole consideration on January 7, 1971, at the conclusion of serving $13\frac{1}{3}$ months of Judge Green's sentence. By April 6, 1972, the short-term release date for the 40 month sentence and the date on which the Department has begun giving Cogdell credit for parole from Judge Gasch's sentence, Cogdell had earned one year, three months toward the time he could be considered for parole from Judge Walsh's 20 year minimum. Cogdell argues he should receive credit for this 15 months—the difference between parole eligibility date on Judge Green's sentence and the short-

---

11. For purposes of this Memorandum and Order, the court treats respondent's motion as an answer.

12. Cogdell initially filed the petition in the Eastern District of Virginia, but Judge Albert Bryan, Jr. transferred his case to this court on November 12, 1974, pursuant to a Fourth Circuit decision decided a few days earlier, *Wright v. Jackson*, 505 F.2d 1229 (1974).

13. There is no authority of which this court is aware holding that an inmate is barred

from litigating through a habeas corpus petition an issue which he previously raised in a motion for reduction of sentence. Such an argument is particularly untenable in light of the case law holding that a judge is never compelled to decline to entertain a habeas corpus application even where the application raises an issue thoroughly litigated in a previous habeas petition. *See Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

14. Affidavit of John Remakus, *supra*.

term release date on Judge Green's sentence—in addition to the 383 days he served between April 6, 1972 and the day of Judge Gasch's sentence, April 25, 1973. In *Pearce,* the court held "that the constitutional guarantee against multiple punishment for the same offense absolutely requires that punishment already exacted must be fully 'credited.' "[15] This credit includes not only credit toward the maximum term of sentence but also "the time credited during serving of the first sentence for good behavior, etc.,"[16] which in this court's opinion obviously includes the 15 months which the Department of Corrections initially credited towards Cogdell's parole eligibility on Judge Walsh's sentence,[17] but which the Department now refuses to credit toward petitioner's parole eligibility on Judge Gasch's sentence.

Secondly, the Department of Corrections' computation methods would have resulted in a harsher sentence if Judge Gasch had duplicated Judge Walsh's sentence. Thus, prior to the vacation of Judge Walsh's sentence, Cogdell was eligible for parole 21 years, $1\frac{1}{3}$ months subsequent to the time he began serving Judge Green's sentence. But, if Judge Gasch had duplicated Judge Walsh's sentence, then under the Department's current computation procedures, Cogdell would not have been eligible for parole until 20 years following the short-term release date of Judge Green's sentence, or in 22 years, $4\frac{1}{3}$ months from the time he began serving Judge Green's sentence.[18] Thus without knowing or intending such a result, Judge Gasch would have imposed a harsher sentence on petitioner.[19] Although Judge Gasch did not actually give Cogdell a harsher sentence, this analysis exposes the constitutional infirmity of the Department's computation methods.

Accordingly, this court finds that the Department of Corrections' computation of James Cogdell's sentence contravenes the Supreme Court decision in *North Carolina v. Pearce* since petitioner has not been given credit for time served on the vacated sentence imposed by Judge Walsh. It is therefore

ORDERED that the petition for habeas corpus shall be, and hereby is, granted; it is further

▪ ORDERED that the Department of Corrections recompute James Cogdell's sentence and give him credit for purposes of parole consideration for the 15 months he served between January

---

15. *North Carolina v. Pearce, supra* at 718–19, 89 S.Ct. at 2077.

16. *Id.* at 719 n.13, 89 S.Ct. at 2077.

17. Judge Walsh granted Cogdell's Motion for a New Trial in orders signed on July 28 1972, and September 27, 1972. By July 28, 1972, Cogdell had earned in excess of $19\frac{1}{2}$ months toward parole consideration on Judge Walsh's 20 year minimum sentence. Since the Department of Corrections has credited Cogdell for time served subsequent to April 7, 1972, Cogdell seeks credit toward parole consideration only for the 15 months he earned prior to April 7, 1972.

18. The federal Bureau of Prisons recognizes and deals with this problem by administratively reducing any sentence which effectively extends the prisoner's full term release date beyond that imposed by the vacated sentence. The Bureau believes this administrative reduction is necessary to avoid a violation of the requirements of *North Carolina v. Pearce. See,* Bureau of Prisons Policy Statement 7610.3 (October 23, 1973), appended to affidavit of John Remakus, *supra.* There is no evidence in this record which indicates that the District of Columbia has any provision for dealing with what the federal Bureau of Prisons states is an "obvious inequity". *Id.,* at 2.

The Policy Statement indicates that the federal Bureau of Prisons, like the District of Columbia, does not recognize that its method of computing new sentences violates another requirement of *North Carolina v. Pearce* where the new computation does not credit the inmate with time earned under the vacated sentence toward parole consideration.

19. A harsher sentence could have been imposed only if "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *North Carolina v. Pearce, supra* 395 U.S. at 726, 89 S.Ct. at 2081.

7, 1971 and April 6, 1972;[20] this new computation will make petitioner eligible for parole evaluation and for work release immediately; it is further

ORDERED that the Department of Corrections expedite any procedures necessary to effect Cogdell's parole consideration and evaluation by the Parole Board no later than 30 days from the entry of this order.

20. The Department of Corrections must also credit Cogdell with all good time earned during the time he was serving Judge Walsh's sentence. One method of crediting petitioner with both parole and good time credit earned prior to the time Judge Walsh vacated his sentence would be to compute Judge Green's and Judge Gasch's sentences consecutively. *See* affidavit of John Remakus, *supra.*