Danny Eloy SANCHEZ,
Petitioner-Appellant,

v.

J. D. RIGGSBY, Warden, et al.,
Respondents-Appellees.

No. 76–2358.

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1977.

Rehearing Denied Sept. 16, 1977.

Lonnie Hank Robin, Fort Worth, Tex. (Court-appointed), for petitioner-appellant.

John E. Clark, U. S. Atty., LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., Michael T. Milligan, Asst. U. S. Atty., El Paso, Tex., for respondents-appellees.

Before GODBOLD, TJOFLAT and HILL, Circuit Judges.

5. The parties are directed to bear their own costs on this appeal.

JAMES C. HILL, Circuit Judge:

This appeal raises the question whether a federal parolee imprisoned for a crime committed while on parole is entitled to a prompt parole revocation hearing when the district court which imposed the intervening sentence directed that it was to run "concurrently with any federal sentence which the defendant is presently serving."

## I. *The Facts.*

On September 11, 1973, the defendant Sanchez was released on parole from a federal sentence imposed on September 9, 1971, as to which there were 1,398 days remaining on a six year sentence. On June 8, 1974, while he was on parole, Sanchez was arrested and subsequently convicted of making a false statement in the acquisition of a firearm. He was sentenced on October 30, 1974, for a term of three years "to run concurrently with any federal sentence being served by the defendant." In August, 1974, a parole violator's warrant was issued against Sanchez and lodged as a detainer for possible execution upon the completion of his three year sentence.

While serving his three year sentence, Sanchez filed a petition for habeas corpus relief on the ground that he had been denied a speedy parole revocation hearing by the United States Board of Parole (now the United States Parole Commission). He contended that the issuance of a parole violator's warrant lodged as a detainer against him entitled him to a speedy parole revocation hearing, irrespective of when or whether the warrant was executed. The Government contended that Sanchez was not entitled to such a hearing until the warrant had been executed, thereby allowing the Parole Board to defer reimposition of the prior sentence until completion of the intervening sentence. The district court denied appellant's habeas corpus petition.

In December, 1976, after this appeal was filed but prior to oral argument, the warrant was executed, the parole hearing was conducted and the defendant was released on February 10, 1977. The second sentence, therefore, has been served, and the defendant is now free on parole. Anticipating the issue of mootness, appellant argues that the denial of a prompt revocation hearing has extended the length of his parole from August, 1978 until October 1980. He therefore seeks to have this court vacate the parole sentence on the first offense.

## II. *Discussion.*

This case is governed, in part, by the Supreme Court's recent decision in *Moody v. Dagget*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). The court in *Moody* was faced with precisely the facts of the instant case, except that the court imposing Moody's intervening sentence did not specify that such sentence was to run concurrently with any other sentence which the defendant was presently serving. The court held that a federal parolee is not constitutionally entitled to an immediate parole revocation hearing, where a parole violator warrant is issued and lodged with the institution of his confinement as a "detainer," but has not been executed. The court reasoned that such a parolee's present confinement and consequent liberty loss do not derive from the parole violator warrant but from his convictions for the crime committed during his parole. Furthermore, the court noted that deferral of the parole revocation decision until execution of the parole violator warrant does not deprive the petitioner of the opportunity to serve any sentence imposed for the parole violation concurrently with a sentence imposed for the crimes committed while on parole, since if the Parole Commission chooses to revoke parole, it has the power to grant, retroactively, the equivalent of concurrent sentences and to provide for unconditional or conditional release upon completion of the subsequent sentences.

Thus, absent the district court's directions that the defendant should serve the sentences concurrently, it would be clear that Sanchez has no right to a prompt parole revocation hearing.

The first question presented in the analysis of this case is whether the district judge was referring to Sanchez' original sentence

of six years when he stated that the intervening sentence would be served concurrently with *any other sentence* being served by him. We find that this question must be answered in the affirmative, for otherwise the comment by the district court is meaningless. Since Sanchez had no other sentence pending, other than the original six year sentence, that had to be the sentence referred to by the court. The question then becomes whether the district court could override the Parole Commission's discretion to determine when to grant a parole revocation hearing. A district court may, of course, impose concurrent sentences for multiple count offenses, but the Parole Commission has the discretion to determine when to execute a parole violator's warrant. In fact, the extent of the Parole Commission's discretion was relied upon by the Court in *Moody* to determine that a defendant is not entitled to a prompt revocation hearing:

> . . . even after completion of the (original) sentences the Commission retains full discretion to dismiss the warrant or decide, after hearing, that petitioner's parole need not be revoked. If revocation is chosen, the Commission has power to grant, retroactively, the equivalent of concurrent sentences and to provide for unconditional or conditional release upon completion of the subsequent sentence. *See* 18 U.S.C. §§ 4211, 4214(d) . . . 429 U.S. at 87, 97 S.Ct. at 278.

Based on this conclusion, the Court determined that deferral of the revocation decision did not deprive Moody of the opportunity to serve his sentences concurrently. The Court added that nothing in the statute or the regulations gave Moody any "right" to force the decision of the Commission before his intervening sentence had been served.

Since, as noted in *Moody*, the Parole Commission has the discretion to grant concurrent sentences on a retroactive basis, we conclude that Sanchez was not entitled to an immediate parole revocation hearing. The "concurrent" provision of the second sentence is not frustrated by this conclusion since the district court was aware at the time the sentence was imposed that the original sentence might or might not be reimposed. Moreover, given the discretion of the district court to modify the second sentence under Rule 35, F.R.Crim.P., we believe that this case is governed by the principles established in *Moody*.

AFFIRMED.