Elias Castillo TIJERINA,
Petitioner–Appellant,

v.

Richard THORNBURGH, Attorney General of the United States,
Respondent–Appellee.

No. 88–1958

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 1989.

---

862

Elias Castillo Tijerina, Seagoville, Tex., pro se.

Mark L. Nichols, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, for respondent-appellee.

Before GEE, DAVIS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Petitioner Elias Castillo Tijerina appeals from an order of the district court denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Affirming the conclusions of the U.S. magistrate, the district court agreed that the Parole Commission has the ultimate discretion to sentence a defendant to concurrent or consecutive prison terms for crimes committed while on parole, despite the sentencing judge's recommendation that Tijerina should serve concurrent terms for his second narcotics conviction and his parole violation. Petitioner challenges the district court's decision on four grounds, including allegations that the Parole Commission abused its discretion by contravening the sentencing judge's recommendation. We affirm the district court's ruling.

On September 30, 1976, Tijerina began serving a 12-year prison term for possession of heroin with the intent to distribute, under 21 U.S.C. § 841(a)(1). As required by this statute, the sentencing judge imposed a 5-year Special Parole Term to follow the prison sentence. The Federal Parole Commission released Tijerina on regular parole after approximately four years of imprisonment and terminated regular supervision on January 31, 1983. Tijerina began serving his Special Parole Term on this date.

Only three months after the Special Parole term commenced, Tijerina was arrested and convicted for conspiracy to possess with the intent to distribute some 7,000 pounds of marijuana. On April 2, 1984, the district court sentenced Tijerina to a three-year prison term. Under the section of the sentencing order entitled "Commitment Recommendations", the judge recommended that this sentence "run concurrently with confinement resulting from the revocation of defendant's federal Special Parole Term." Tijerina began serving this sentence on May 5, 1984 at the Federal Correctional Institute in LaTuna, Texas.

As a result of Tijerina's arrest, the Parole Commission issued a parole violator warrant on April 29, 1983, charging Tijerina with criminal activity in violation of parole, and with associating with persons possessing criminal records and engaging in criminal activity. The Parole Commission lodged the violator warrant as a detainer against Tijerina on August 1, 1984, at LaTuna.

On August 29, 1984 the Parole Commission held a combined initial hearing on Tijerina's second conviction and a dispositional hearing on the violated Special Parole Term. The Commission issued a notice of

action on September 19, 1984 revoking Special Parole, refusing petitioner credit for any time spent on Special Parole, and ordering Tijerina to serve the five year parole violation term after he completed service of the three year sentence for the second conviction. Tijerina appealed this decision to both the Regional parole commissioner and the National Appeals Board before filing this habeas corpus petition with the district court. In response to the district court's disposition, Tijerina pursued this appeal, alleging four sources of error.

Most importantly, Tijerina contends that the Parole Commission abused its discretion by rejecting the district court's recommendation that the petitioner serve his parole violator term concurrently with the three-year prison sentence. We find no merit in this argument.

■ The law regarding consecutive sentencing following the violation of a regular parole term is clear. Under 18 U.S.C. § 4210(b)(2), when a federal parole violator receives a second prison sentence for a crime committed while on regular parole, the Parole Commission has exclusive jurisdiction to decide whether the parole violator term which it imposes will run concurrently or consecutively with the second sentence. *Zerbst v. Kidwell*, 304 U.S. 359, 362–63, 58 S.Ct. 872, 874, 82 L.Ed. 1399 (1938); *Saulsbury v. United States*, 591 F.2d 1028, 1034 (5th Cir.1979). In the exercise of this discretion, the Parole Commission has adopted, and the Supreme Court has approved of, a policy favoring the consecutive service of sentences, and the delayed execution of parole violator warrants until the prison term for the second crime has expired. *Moody v. Daggett*, 429 U.S. 78, 84–86, 97 S.Ct. 274, 277, 50 L.Ed.2d 236 (1976). *See* 28 CFR § 2.47(e)(2). While the sentencing district court judge may offer *recommendations* regarding consecutive or concurrent sentencing, the ultimate decision rests with the Parole Commission. *United States v. Newton*, 698 F.2d 770, 772 (5th Cir.1983); *Saulsbury*, 591 F.2d at 1034; *Sanchez v. Riggsby*, 556 F.2d 1310, 1312 (5th Cir.1977). *Cf. United States v. Addonizio*, 442 U.S. 178, 191, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979) ("To require the Parole Commission to act in accordance with judicial expectations ... would substantially undermine the congressional decision to entrust release determinations to the commission and not the courts."); *Page v. United States Parole Commission*, 651 F.2d 1083, 1086 (5th Cir.1981) ("A judge has no enforceable expectation as to the actual release date of a prisoner. That decision is solely within the realm of the Commission.")

■ Even when the second sentencing judge *orders* concurrent prison terms for the second crime and the parole violation, the Parole Commission may contravene this order. In *Sanchez v. Riggsby*, 556 F.2d 1310, 1312 (5th Cir.1977), despite a district court order requiring concurrent service of the prison and parole violator terms, the Parole Commission delayed execution of the parole violator warrant, effectively permitting consecutive service of these sentences. We held that the Parole Commission could exercise its discretion in this manner, to determine when to execute its warrant, even if this exercise nullified a direct district court order. *Id.* at 1312. Thus, at least for regular parole terms, the Parole Commission has complete discretion over sentencing.

■ The fact that Tijerina's crime occurred while he was serving a Special Parole Term complicates the question somewhat. Unlike regular parole, which the Parole Commission grants and monitors, a Special Parole Term is mandatorily imposed by the district court when a defendant is convicted of certain narcotics violations. *See* 21 U.S.C. § 841(b). Since the district court imposes the parole term, we have held that the district court may also monitor and sanction parole violators under this statute. *United States v. Hernandez*, 750 F.2d 1256, 1260 (5th Cir.1985). At the same time, we have recognized that the Parole Commission has concurrent jurisdiction to punish special parole violators in the same manner that it would resolve regular parole cases. *Battle v. United States Parole Commission*, 834 F.2d 419, 420 (5th Cir.1987). *See* 28 C.F.R. § 2.57 (1986). Ti-

jerina contends that his case explores the interplay between these two forms of concurrent authority. We disagree.

Tijerina's contention misconstrues the facts in this case. The sentencing judge in Tijerina's second trial never exercised his concurrent authority over the parole violator term. Instead, he expressly sentenced Tijerina to three years imprisonment for the second narcotics violation and *recommended* to the Parole Commission that Tijerina serve the parole violator term concurrently with the three-year sentence. There is no outright conflict between this mere recommendation and the Parole Commission's order. As indicated above, the Parole Commission's authority in special parole cases parallels its authority over regular parole terms. Thus, the Parole Commission was not bound by the sentencing judge's recommendation and could impose consecutive federal sentences for Tijerina's second narcotics conviction and his parole violator term. Since the Parole Commission acted within the bounds of its authority, Tijerina's first challenge is meritless.

■ Tijerina next contends that, even if the sentencing judge only *recommended* concurrent sentencing, a clerical error on the computer printout produced by the Federal Bureau of Prisons, which indicated that a concurrent sentence had been imposed, creates a sentencing ambiguity which we should construe in Tijerina's favor. Again, this argument is without merit.

■ Where a clerical error made by a clerk or other data entry assistant creates an inconsistency between the judgment entered by the sentencing judge and the sentence as reflected in the records, the judgment of the court controls. *Hode v. Sanford,* 101 F.2d 290, 291 (5th Cir.1939). In this case, the judgment entered by the sentencing judge is clear. It requires Tijerina to serve a three-year prison term, and *recommends* a concurrent sentence. We will

not permit careless mistakes by staff members at the Federal Bureau of Prisons to alter the obvious intent of the sentencing judge.

■ Further, Tijerina misapplies the cases which he relies on to support this contention. Federal courts must go beyond the sentencing order of the district court judge to clarify an "ambiguous" sentence only where the sentencing judge himself creates the ambiguity by issuing an equivocal order. *See United States v. Daugherty,* 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309 (1926); *United States v. McAfee,* 832 F.2d 944 (5th Cir.1987) (where the oral sentencing order is silent or ambiguous, the intent of the judge regarding consecutive or concurrent sentences must be ascertained from the record.); *Causey v. Civiletti,* 621 F.2d 691, 693 n. 2 (5th Cir. 1980) ("Ordinarily, *in the absence of dispositive language in a ... sentencing order,* there is a general presumption that sentences are to run concurrently.").[1] In Tijerina's case, the district court issued an unambiguous sentencing order. Consequently, the order must be enforced as issued.

■ Third, Tijerina claims that the prison authorities did not properly credit, against his parole violator term, time served while under arrest for his second narcotics conviction, from April, 1983 to July, 1985. However, Tijerina is not entitled to receive credit for this time against his parole violation sentence.

■ A parole violator is considered to be "in custody" for a parole violation only when the Parole Board executes the violator warrant to incarcerate the prisoner. *Moody v. Daggett,* 429 U.S. 78, 87–88, 97 S.Ct. 274, 278, 50 L.Ed.2d 236 (1976); *Cook v. United States,* 488 F.2d 667 (5th Cir. 1974). The Parole Board may issue the warrant, place it as a detainer against the prisoner, and then wait to execute it until the prisoner has completed service of a

---

**1.** *See also United States v. Tafoya,* 757 F.2d 1522, 1529 (5th Cir.1985); *United States v. Naas,* 755 F.2d 1133, 1136 (5th Cir.1985); *Schurmann v. United States,* 658 F.2d 389, 391 (5th Cir. 1981); *Schultz v. United States,* 384 F.2d 374, 375 (5th Cir.1967); *Smith v. Wilkinson,* 275 F.2d 251, 252 (5th Cir.1960).

prison sentence imposed for any crimes committed while on parole. *Moody,* 429 U.S. at 83–86, 97 S.Ct. at 276–78; *Zerbst v. Kidwell,* 304 U.S. 359, 361, 58 S.Ct. 872, 874, 82 L.Ed. 1399 (1938); *Cook,* 488 F.2d at 667. *See* 28 CFR § 2.47. In such a case, the time served between arrest and conviction for the crimes committed while on parole must be credited against the sentence handed down by the judge for these crimes. At the same time, this pre-conviction incarceration should not also be used to reduce the length of any parole violator term which arises out of these same transactions. *Zerbst,* 304 U.S. at 361, 58 S.Ct. at 874. Since Tijerina received credit for this intermediate time served against his second narcotics conviction, and since the Parole Board executed the violator warrant only at the expiration of this second prison term, Tijerina can not receive credit for this time served against his parole violator sentence.

■ Finally, Tijerina contends that the district court should have granted him a full evidentiary hearing on his habeas corpus petition under 28 U.S.C. § 2241. His contentions do not merit such a hearing.

■ When reviewing a habeas corpus petition, the district court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. However, the district court need not hold an evidentiary hearing for each habeas petitioner. *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); *Harris v. Nelson,* 394 U.S. 286, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1969). Where the petitioner raises only questions of law, or questions regarding the legal implications of undisputed facts, a hearing becomes duplicative and unnecessary. *See e.g. Stroud v. United States Parole Commission,* 668 F.2d 843, 845 (5th Cir.1982) (Where district court referred a parole question, raised on habeas, to magistrate, and then upheld the magistrate's decision to dismiss petition without a hearing, the district court acted properly). *Accord Jeter v. Keohane,* 739 F.2d 257, n. 1 (7th Cir.1984) ("An evidentia-

ry hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court.")

In the present case, Tijerina does not present any disputed factual issues. Instead, he disputes only the legal construction that the district court gives to the sentencing order, and the legal sufficiency of the Parole Commission's sentence-measuring procedures. The district court properly resolved these issues against Tijerina, by recourse to well-settled legal principles, without granting a hearing.

For these reasons, the district court did not err in refusing to grant Tijerina's request for habeas corpus relief. This Court affirms the district court's judgment.

AFFIRMED.