998 F.2d 1049
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Calvin THOMAS, Petitioner-Appellant,
v.
Patrick WHALEN; United States of America, Respondents-Appellees.
 No. 92-6988.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1993.
Decided July 12, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria; No. CA-91-1685-A, Albert V. Bryan, Jr., Senior District Judge.
 Joan Marie Canny, Caplin & Drysdale, Chartered, Washington, DC, for petitioner-appellant.
 Dennis Edward Szybala, Asst. U.S. Atty., Alexandria, VA, argued (Richard Cullen, U.S. Atty., Althea Walker, Third-year Law Student, Mary N. Wilburn, Assistant Regional Counsel, Federal Bureau of Prisons, Annapolis Junction, MD, on brief), for respondents-appellees.
 E.D.Va.
 REVERSED IN PART AND REMANDED.
 Before WILKINSON, Circuit Judge, SPROUSE, Senior Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This case is before the court on an appeal by appellant Calvin Thomas of the district court order dismissing his petition for a writ of habeas corpus without prejudice to his right to pursue administrative remedies. Jurisdiction of the appeal lies in this court under 28 U.S.C. §§ 1291 and 2253. Additionally, the petitioner prays in this court for the grant of the writ pursuant to 28 U.S.C. § 2241(a). As explained herein, we reverse in part and remand with instructions.
 
 I.
 
 2
 This case presents a complicated record involving multiple prison sentences and parole terms. For purposes of this opinion, a sketch of the facts will suffice. Calvin Thomas was sentenced in 1974 on a federal drug offense to a five-year prison term to be followed by a three-year special parole term. He was paroled in 1975, after serving approximately one-third of his federal sentence. In June 1977, Thomas was convicted of uttering, a District of Columbia offense. As a result of the D.C. conviction and other technical parole violations, a federal parole violator warrant was executed against Thomas in August 1977. Thereafter, Thomas was sentenced to a 1-3 year prison term on the D.C. conviction, and his parole was revoked. He was paroled on the D.C. sentence and reparoled on the federal sentence in April 1979. In December 1980, his parole was again revoked by the United States Parole Commission. Thomas appealed the Parole Commission's decision administratively on the ground that his federal sentence had expired, and, therefore, the Parole Commission was without authority to set a presumptive reparole date in September 1981. In addition to the foregoing, the record reveals another D.C. sentence in 1981 and numerous subsequent parole revocations.
 
 
 3
 On November 6, 1990, Thomas filed a habeas petition, pro se, in United States District Court for the District of Columbia. Upon motion by the government, the case was transferred to the Eastern District of Virginia. Following argument on August 7, 1992, the district court ordered that Thomas's petition be dismissed without prejudice on the ground that he had not exhausted his administrative remedies. Thomas appealed.
 
 II.
 
 4
 Appellant's habeas petition essentially concerns the computation of his 1974 federal sentence, his 1977 District of Columbia sentence, and his parole on those sentences. The appellant contends that his 1977 sentence and his parole violator term for violating parole on his 1974 sentence ran concurrently from August 1977 until his parole and reparole on both sentences in April 1979. The appellant charges that the Parole Commission exceeded its legal authority by running parole on his 1977 sentence consecutive to parole on his 1974 sentence, after the two sentences had been running concurrently, and by determining a presumptive parole date without jurisdiction to do so, because his federal sentence had expired. On the other hand, the appellees argue that the 1974 sentence and the 1977 sentence have always run consecutively.
 
 
 5
 Further complicating this case is the interplay between provisions of the United States Code and provisions of the Code of the District of Columbia. The appellant argues that the Parole Commission was required to determine whether the 1977 sentence and the parole violator term on the 1974 sentence were to run concurrently or consecutively. See 18 U.S.C. § 4210(b)(2) (repealed 1984). On the other hand, the appellees contend that any sentence imposed under the Code of the District of Columbia was to run consecutively with any other sentence, unless expressly provided otherwise by the sentencing court. See D.C.Code § 23-112. In addition, the appellees maintain that the Bureau of Prisons is responsible for aggregating and computing multiple sentences.
 
 
 6
 Nothing that this court can discern from a careful review of the Joint Appendix and the briefs and argument of counsel discloses in any definitive fashion whether either the Parole Commission or the Bureau of Prisons has made a determination that the 1974 and 1977 sentences should run either concurrently or consecutively. The court below was correct in its view that further administrative review could clarify what is a record intractable of resolution in the form before it and before this court.
 
 
 7
 This court is hesitant to make decisions on matters of sentence and parole computation where those decisions are committed first to the Parole Commission and second to the Bureau of Prisons, especially where this court cannot discern from the record before it the appropriate factors to be considered in making such a decision. Further development of this record on the principal issue of concurrent or consecutive sentences is imperative to permit the making of an appropriate decision on the issues presented in this case.
 
 
 8
 Therefore, we will remand the case to the district court for referral to the Bureau of Prisons. The district court shall order the Bureau of Prisons to make a complete report to the district court concerning the history and status of Calvin Thomas, including a determination as to the concurrent or consecutive nature of the 1974 and 1977 sentences. In preparing its report, the Bureau of Prisons shall utilize any information it may bring into the matrix in determining whether the sentences are concurrent or consecutive, including all information available from the Parole Commission concerning the same issue. The Bureau of Prisons shall complete its report within ninety (90) days of the date the matter is referred appropriately to it. While this unusual procedure is not made in response to any action instituted by the appellant for further administrative review, it will accomplish the same result.
 
 
 9
 In this confused state of the record, where the trumpets of the appellant and the appellees give an uncertain sound, this court is not able to make a judgment on the validity of the action of the court below in reference to the habeas petition, and, ipso facto, cannot make an independent judgment on appellant's request that this court grant the petition for a writ of habeas corpus.
 
 
 10
 The posture of this case is unusual, in that for essentially the same reasons, the district court and this court have reached the same decision to seek a more definitive statement concerning the basic issue of concurrent or consecutive sentences. Because this court, however, finds it preferable to keep in place the Petition for Writ of Habeas Corpus until the Bureau of Prisons has complied with the matters referred to it on remand, we are constrained technically to reverse the dismissal of the Petition below to accomplish that end.
 
 III.
 
 11
 For the reasons stated, the district court's dismissal of appellant's petition for habeas corpus shall be reversed. In addition, this case shall be remanded to the United States District Court for the Eastern District of Virginia for further proceedings in accordance with the instructions set out above.
 
 
 12
 REVERSED IN PART AND REMANDED WITH INSTRUCTIONS
 
 SPROUSE, Senior Circuit Judge, dissenting:
 
 13
 I respectfully dissent.
 
 
 14
 The facts relating to Thomas's various paroles are terribly convoluted. By remanding this case to the district court for referral to the Bureau of Prisons, I am afraid that not only has the majority done little to alleviate that confusion, but it has perpetuated the bureaucratic quagmire that has consumed this case. As I discuss below, the Parole Commission (the "Commission") has erroneously made Thomas's federal and District of Columbia sentences consecutive, the Bureau of Prisons is unauthorized to remedy this error, and Thomas has exhausted his remedies before the Commission. Thus, I believe remand to the Bureau of Prisons only compounds the obstacles surrounding this case. I would simply remand to the district court for further review for action consistent with the views expressed in this dissent.
 
 
 15
 * Congress placed the decision of whether a federal parole violator's subsequent sentence runs concurrently or consecutively with the remainder of the parole sentence within the province of the Commission:
 
 
 16
 in the case of a parolee who has been convicted of a Federal, State or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention, or incarceration in any penal facility, the Commission shall determine ... whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall service together with such time as the parolee has previously served in connection with the offense for which he was paroled, be longer than the maximum term for which he was sentenced in connection with such offense.
 
 
 17
 18 U.S.C. § 4210(b)(2)[1]; see Tijernina v. Thornburgh, 884 F.2d 861, 864 (5th Cir.1989) (citing Zerbst v. Kidwell, 304 U.S. 359, 362-63 (1938)).
 
 
 18
 The Commission does not always issue an order stating that a defendant's sentence is concurrent or consecutive. Instead, by taking certain procedural actions, the Commission shows whether the remainder of a federal sentence runs consecutively or concurrently. Moody v. Daggett, 429 U.S. 78, 85 (1976).[2] As the Supreme Court explained in Moody, the Parole Commission in executing a warrant and revoking parole determines that the remainder of a parole violator's sentence runs concurrently with his subsequent sentence from the time of the execution of the warrant. Moody, 429 U.S. at 84. If the Commission, however, chooses to lodge a detainer against a defendant and allows the detainer to stand, it may determine later whether the sentences would run concurrently or consecutively. Id.; see 18 U.S.C. § 4214(b)(1)-(3); 28 C.F.R. § 2.47(a)(2), (c); Heath v. United States Parole Comm'n, 788 F.2d 85, 91 (2d Cir.1986) ("Placing a detainer against a parolee who has been arrested on an intervening charge does not constitute execution of the warrant."), cert. denied, 479 U.S. 953 (1986).
 
 
 19
 Although the Parole Commission and Reorganization Act of 1976 established that it was the Commission's general practice to have a "parole violator term of a parolee convicted of [a] crime ... run consecutively to the sentence imposed for the subsequent offense," Moody, 429 U.S. at 85, here, the Commission chose to make Thomas's sentence run concurrently. As the record shows, the Commission failed to lodge a detainer to leave open the option for the sentences to run consecutively.[3] Instead, the Commission executed the parole violator warrant against Thomas on August 24, 1977, and revoked his parole on April 26, 1978. In December 1977, he was sentenced on his District of Columbia check uttering charge. Because that sentence was running when the Commission revoked his parole, his federal and District of Columbia sentences automatically became concurrent. Having chosen that route, the Commission was without authority to reformat its previous decision and have the terms run consecutively. See Moody, 429 U.S. at 84. But as evidenced by Thomas's April 1979 certificate of parole, the Commission revised its earlier decision and ran the sentences consecutively.
 
 
 20
 Thomas's relevant parole history demonstrates this error. On February 22, 1974, Thomas received an aggregate five-year sentence plus a three-year special parole term following his conviction on two counts of cocaine distribution. He was paroled on October 30, 1975, after serving 20 months of his 60 months sentence. On July 22, 1977, the Commission issued a warrant against Thomas after learning that he had been arrested in the District of Columbia for uttering; his parole sentence stopped running while the warrant was outstanding. See Joiner v. Henman, 902 F.2d 1251, 1253 n. 3 (7th Cir.1990) (citing 28 C.F.R. § 2.44(d), which prior to 1981 stated that the issuance of a warrant suspended the running of a parolee's sentence); Barrier v. Beaver, 712 F.2d 231, 238 (6th Cir.1983) (issuance of warrant tolled the expiration of defendant's sentence until the warrant's execution). The warrant was executed in August 1977. On April 26, 1978, the Commission ordered Thomas's parole revoked and did not credit any of his almost two years in street time toward his federal sentence. On April 27, 1979, the certificate of parole issued to Thomas erroneously showed 42 months remaining on a joint District of Columbia and federal sentence. In fact, he had served 20 months on his federal sentence, had 20 months left on his federal sentence, and assuming that all the time he had served on his federal sentence was credited to his District of Columbia sentence, had 16 months left on his District of Columbia sentence. On September 16, 1980, the Commission issued a second parole violator warrant against Thomas because he was arrested on a second charge of uttering. The Commission executed the warrant on September 18, 1980, and revoked Thomas's parole on November 18, 1980. Thomas was given full credit for his time on parole (17 months), but his parole date was reestablished as May 18, 1981, even though he already was serving the remaining three months on his sentence. This mistake was compounded when the Commission, on December 10, 1980, reset his presumptive parole date for September 18, 1981. Even viewing the evidence in the light most favorable to the government, Thomas's federal sentence ended in December 1980. See Distallator v. Civiletti, 612 F.2d 194, 196 n. 3 (5th Cir.1980) (defendant's parole violator sentence began to run immediately upon his parole revocation and ran concurrently with his subsequent sentence). Because Thomas had completed his full federal sentence in December 1980, the Commission's action aggregating his federal and District of Columbia sentences was unlawful.[4]
 
 II
 
 21
 The majority also takes the position that Thomas has not exhausted the administrative procedures available at the Bureau of Prisons, granting credence to the government's argument that Thomas now seeks recalculation of his sentence by the Bureau of Prisons. As Thomas contends, he brought these same claims to the Bureau of Prisons, and it conceded that it is powerless to remedy his sentencing error because it did not involve a mere addition problem. The Bureau of Prisons operates only as an administrative calculator in this process while the Commission makes all substantive decisions. See 28 C.F.R. § 523.1 et seq.; see also Chatman-Bey v. Meese, 797 F.2d 987, 988-89 (D.C.Cir.1986) (defendant challenged the Bureau of Prisons' calculation of his parole eligibility date where his sentences were already determined consecutive), aff'd on other grounds, 864 F.2d 804, 814 (D.C.Cir.1988); Gill v. United States Parole Comm'n, 692 F.Supp. 623, 626 (E.D.Va.1988) (court upheld the Bureau of Prisons' calculation of the defendant's parole violator term in response to the Commission's aggregation of the defendant's federal and District of Columbia sentences). The majority's running of the cart ahead of the horse results from a fundamental misunderstanding of the injustice Thomas has suffered. It was the Commission that continuously and erroneously determined that the 1974 parole violator term and the 1977 District of Columbia check uttering violation ran consecutively. Only the Commission (or this court if the Commission acted outside the scope of its authority) can rectify its own earlier error. See Turner v. United States Parole Comm'n, 934 F.2d 254, 256 (10th Cir.1991) (The Parole Commission's actions outside the scope of its authority are reviewed de novo.), cert. denied, 112 S.Ct. 239 (1991).
 
 
 22
 Additionally, Thomas has exhausted his remedies before the Commission. He has raised this precise parole eligibility claim to the Commission's National Appeals Board, which rejected it. See 28 C.F.R. § 2.26. Without doubt, Thomas has met the requirement that a federal prisoner challenging a decision of the Parole Commission must exhaust his administrative remedies before the Commission before filing a habeas petition. Leighnor v. Turner, 884 F.2d 385, 388 (8th Cir.1985) (defendant's appeal of the Commission's decision to the National Appeals Board exhausts his administrative remedies); Kirk v. White, 627 F.Supp. 423, 426 (E.D.Va.1986) (defendant exhausted his administrative remedies by appealing his parole eligibility date to the National Appeals Board).[5]
 
 
 23
 It is clear from the record that Thomas does not present a profile of a good citizen: he is or at least has been addicted to narcotics and his fairly minor financial crimes may have resulted from his drug use. It goes without saying, however, that he deserves even-handed justice. Thomas has more than paid his debt to society for his one drug-related offense and his unsuccessful, illegal attempt to cash a check of approximately $200. While all members of this panel were impressed that this case history was one of the worst examples of a bureaucratic labyrinth, I believe we could direct a better way out of this maze.[6] The continual extension of the parole sentence can easily be rectified by correcting Thomas's parole status to reflect the concurrent running of his federal parole violator and 1977 District of Columbia sentences. In sum, I would simply reverse and remand to the district court for further review the Parole Commission's order consistent with this dissent.
 
 
 
 [1]
 Section 4210(b)(2), as enacted by Congress in the Parole Commission and Reorganization Act of 1976, applies to this action. This section was repealed on November 1, 1986, the effective date of the United States Sentencing Guidelines
 
 
 [2]
 In Moody, the Court explained the procedures for the Board of Parole, the administrative predecessor of the Parole Commission, but added that the Parole Commission and Reorganization Act of 1976 "incorporate[d] the former procedures with few modifications." Moody, 429 U.S. at 84-85
 
 
 [3]
 Although the Commission could not have lodged a detainer before Thomas's conviction on the 1977 District of Columbia uttering charge, Heath, 788 F.2d at 89, it choose not to wait until a detainer could have been appropriately lodged
 
 
 [4]
 The Government argues that Thomas's sentence was not running because the warrant was executed before the imposition of his D.C. sentence. Thus, under D.C.Code § 23-112, his sentence was consecutive. Section 23-112 provides that
 [a] sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not.
 Although other courts have enforced this statutory provision to allow a subsequent District of Columbia sentence to run consecutively to a existing federal sentence, see Cogdell v. Jackson, 397 F.Supp. 362, 363 n. 4 (D.C.D.C.1975); Banks v. United States, 307 A.2d 767, 768 (D.C.1973), neither of these cases concerned a subsequent federal parole violator term. Further, under 18 U.S.C. § 4210(b), only the Commission can determine if an unexpired parole violator term should run concurrently or consecutively with a sentence imposed for a new offense.
 
 
 [5]
 The district court erroneously held that Thomas had not exhausted his remedies because he failed to appeal his parole determination after his second uttering conviction. Since Thomas had already appealed the Commission's consecutive sentencing error to the Board, his failure to appeal the Commission's later action, which compounded this error, does not bar this action
 
 
 [6]
 I understand, of course, that the majority is equally concerned with this aspect of the case. My respected colleagues and I, however, differ on the better approach to the problem. Instructing the Bureau of Prison officials to respond within three months prolongs the process and fails to effectuate prompt relief. If the majority insists on following this road, I would suggest that it require the Bureau of Prisons and the Parole Commission to act in concert. At oral argument, counsel for the government acknowledged such administrative possibility and employing an approach of administrative comity might finally resolve this case efficiently