9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andrew Jefferson THOMAS, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION and T.R. Kindt, Respondents-Appellees.
 No. 93-6090.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1993.
 
 ORDER AND JUDGMENT*
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. Furthermore, the parties did not request oral argument. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Andrew Jefferson Thomas appeals the denial of his petition for a writ of habeas corpus in the UnitedStates District Court for the Western District of Oklahoma. For the reasons stated below, we affirm.
 
 
 3
 Appellant was on parole from a federal sentence when he was arrested on state charges of aggravated battery, home invasion, and armed violence. His probation officer requested a parole violator warrant that would be held in abeyance until the disposition of the state criminal charges. The warrant was duly issued on March24, 1982 and held in abeyance until it was supplemented on August11, 1982 after Appellant's state conviction on all charges. Thereafter, the Parole Commission lodged the warrant as a detainer against Appellant. Appellant was later resentenced only on the home invasion charge. On August26, 1985 a dispositional review of the detainer was held which resulted in an order that the detainer would stand. In anticipation of Appellant's release from state custody, a revocation hearing was held on September23, 1991. The panel found that Appellant had violated his parole based on his conviction for home invasion, and the Regional Commissioner ordered that Appellant's parole be revoked and the time spent on parole be forfeited, and set a presumptive parole date of February20, 1996 after service of 168 months. Appellant filed a writ of habeas corpus.
 
 
 4
 Appellant raises six issues in his appeal of the dismissal of his petition for a writ of habeas corpus. One of the issues is conceded by the Parole Commission, and two of the issues were not raised before the district court and therefore we shall not address them. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.). The remaining pertinent issues are: (1) whether the Parole Commission lost jurisdiction over Appellant because the parole violator's warrant was executed in 1982; (2) whether the Parole Commission used false information to determine Appellant's offense severity rating and to exceed the reparole guideline range; and (3) whether the Parole Commission failed to consider the time Appellant spent in state custody.
 
 
 5
 With respect to the jurisdictional issue, Appellant is mistaken when he asserts that the violator warrant was executed in 1982 and that he was denied the concomitant constitutional rights. Rather, the record clearly reflects that the violator warrant was first held in abeyance and later filed as a detainer until Appellant's pending release from state custody. The warrant was not executed until February2, 1992, at which time due process protections were available to Appellant. Moody v. Daggett, 429 U.S. 78, 87; Morrissey v. Brewer, 408 U.S. 471, 488. The record also reflects that Appellant was in fact accorded all of the due process to which he was entitled. Consequently, the Parol Commission did not lose jurisdiction over Appellant nor violate his constitutional rights.
 
 
 6
 As a corollary, Appellant argues that each time that he was transferred within the Illinois Department of Corrections a new warrant was issued. Again Appellant is mistaken because the multiple filings of the violator warrant merely provided notice to the relevant correctional institute of Appellant's status, but each filing did not constitute the execution of an entirely new warrant.
 
 
 7
 In his second issue remaining on appeal, Appellant complains that when imposing its sentence the Parole Commission relied on false information concerning his role in the state offenses and impermissibly looked beyond his ultimate state court conviction of home invasion. Our standard of review for decisions of the Parole Commission is "whether the decision is arbitrary and capricious or is an abuse of discretion." Lewis v. Beeler, 949 F.2d 325, 331 (10th Cir.), quoting Fiumara v. O'Brien, 889 F.2d 254, 257 (10th Cir.).
 
 
 8
 "A court of review need only determine whether the information relied on by the Commission is sufficient to provide a factual basis for its reasons. The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons."
 
 
 9
 Lewis, 949 F.2d at 332, quoting Misasi v. UnitedStates Parole Commission, 835 F.2d 754, 758 (10th Cir.). After carefully reviewing the record on appeal, we must conclude that there was sufficient evidence supporting the Parol Commission's decision to list Appellant's offense as category six; therefore, the decision cannot be deemed arbitrary or capricious. We note that the Parole Commission may use all relevant information, including dismissed charges, in determining an offense severity rating, Perry v. United States Parole Commission, 831 F.2d 811, 813 (8th Cir.), and that the reliability and trustworthiness of evidence produced at the revocation hearing is a matter for the factfinder. Dye v. United States Parole Commission, 558 F.2d 1376 (10th Cir.).
 
 
 10
 As to the last claim of error, Appellant asserts that his federal sentence should be reduced by the amount of time that he spent in state custody. The Magistrate, whose recommendation was adopted by the district court, correctly stated that:
 
 
 11
 "Petitioner has no constitutional right to have his violator term run concurrently with the remainder of his original 16 year federal sentence. Pursuant to 18 U.S.C. 4210(b)(2), when a federal parole violator receives a second prison sentence for a crime committed while on parole, the Parole Commission has exclusive jurisdiction to decide whether the parole violator term will run concurrently or consecutively with the second sentence. Tijerina v. Thornburgh, 884 F.2d 861, 864 (5th Cir.1991)."
 
 
 12
 Superseding Report and Recommendation, at 10. We can find no reason to interfere with the Parole Commission's proper use of its sentencing authority.
 
 
 13
 Accordingly, we AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3