51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold James JENKS, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION; Federal Bureau of Prisons;
Daniel Daniel Dove, Warden, Federal Prison Camp,
Respondents-Appellees.
 No. 94-5631.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges; and JOINER, District Judge.*
 
 ORDER
 
 2
 Harold James Jenks, a federal parolee proceeding pro se, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In January 1982, Jenks was sentenced to 24 years in prison following his conviction for conspiracy, possession of counterfeit notes, and sale of counterfeit notes. Jenks was released on parole on May 31, 1991. However, the U.S. Parole Commission (the Commission) issued a parole violator warrant for Jenks in November, charging him with receiving stolen property and unauthorized association with a known criminal. Jenks was arrested pursuant to this warrant on December 2, 1991, and a final revocation hearing, at which Jenks was represented by counsel, was held on February 28, 1992. At the conclusion of the hearing, the hearing examiner recommended that Jenks's parole be revoked, that all time spent on parole be credited, and that Jenks should be continued to a presumptive reparole after 34 months. The Regional Commissioner accepted these recommendations, but set Jenks's presumptive reparole date at 44 months; a corrected Notice of Action to that effect was issued on June 29, 1992. The National Appeals Board (NAB) initially refused to consider Jenks's appeal because it was untimely but, in light of the exhibits filed in this action and at the request of the Commission's Office of General Counsel, the NAB agreed on December 14, 1993, to consider Jenks's appeal. The NAB affirmed the Commission's original determination in a Notice of Action on Appeal issued on January 7, 1994.
 
 
 4
 In his habeas petition, Jenks raised 18 grounds for relief, which may be grouped into six categories: (1) his parole officer failed to verify information in his violation report (ground one), (2) the preliminary interviewing officer erred in finding probable cause that he had violated his parole (ground two), (3) there were procedural errors committed during his revocation hearing (grounds three through five, nine, and seventeen), (4) the Commission erred in finding that he had violated his parole because he was innocent of both charges (grounds six through eight and ten through twelve), (5) the NAB erred in refusing to consider his appeal (grounds thirteen through sixteen), and (6) the Bureau of Prisons (BOP) denied Jenks access to the courts by denying visits from a legal researcher named Brown (ground eighteen). Jenks sought release from prison and parole or a new revocation hearing, and an order requiring the BOP to install an inmate legal assistance program in every federal institution. In addition, Jenks submitted documents in support of a claim that the BOP provided inadequate medical care by refusing to authorize a double knee replacement at a local hospital. While this action was pending before the district court, Jenks agreed to accept the medical treatment offered by the BOP.
 
 
 5
 A magistrate judge issued a report on March 10, 1994, in which he recommended that Jenks's petition be denied. The magistrate judge found that the Commission's revocation of Jenks's parole rendered his issues regarding the parole officer and preliminary hearing irrelevant, that Jenks's procedural issues did not rise to a constitutional level, that a rational basis existed for the Commission's decision, and that Jenks's NAB and medical issues were moot. The magistrate judge further found that the BOP's refusal to allow visits by Brown was rationally related to the legitimate penological objective of security and did not violate Jenks's right of access to the courts. The district court overruled Jenks's objections, adopted the magistrate judge's report, and dismissed Jenks's petition in an order filed on April 21 and entered on April 25, 1994.
 
 
 6
 On appeal, Jenks continues to argue the merits of his grounds for relief. In addition, he claims that the district court erred by not holding an evidentiary hearing. Jenks requests the appointment of counsel and permission to proceed without prepayment of fees. In a supplemental notice to the court, Jenks states that he was paroled as of December 2, 1994.
 
 
 7
 The district court's order should be affirmed because Jenks's parole revocation hearing issues are meritless and his parole appeal, access to the courts, and medical issues have been mooted by ensuing events.
 
 
 8
 An appeal is moot if the court is not in the position to grant effectual relief. Deakins v. Monaghan, 484 U.S. 193, 199 (1988); Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir.1986). Jenks's grounds for relief relating to the NAB's refusal to consider his appeal were mooted when the NAB issued its Notice of Action on Appeal on January 7, 1994. His access to the courts issue was mooted by his release on parole. In any event, that claim is meritless for the reasons stated by the district court. Finally, Jenks agreed during the pendency of this action to accept the treatment offered by the BOP. Moreover, his release on parole means that the BOP is no longer responsible for his medical care. Thus, this issue is also moot.
 
 
 9
 Jenks's issues relating to his parole revocation, however, are not moot. Where a petitioner challenging the revocation of his parole seeks a final release from his sentence, as does Jenks, it is arguable that his habeas petition is not rendered moot by his release on parole. See Brewer v. Dahlberg, 942 F.2d 328, 335 (6th Cir.1991). Nonetheless, they do not warrant habeas corpus relief for the reasons stated by the district court.
 
 
 10
 Finally, the district court did not err by not holding an evidentiary hearing because there were no factual disputes material to the outcome of this case. An evidentiary hearing is required "unless the application for the writ and the return present only issues of law." 28 U.S.C. Sec. 2243. Because this case involves legal issues only and Jenks's entitlement to relief may be determined from the record, Jenks is not entitled to an evidentiary hearing. See United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1138-39 (7th Cir.1990); Tijerina v. Thornburgh, 884 F.2d 861, 866 (5th Cir.1989).
 
 
 11
 Accordingly, we grant Jenks in forma pauperis status for the purpose of this review only, deny his request for the appointment of counsel, and affirm the district court's order, entered on April 25, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation