IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10525
c/w No. 02-10603
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE DYANE ADAMS,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 6:99-CR-18-ALL-C
6:99-CR-18-1-C
--------------------
September 27, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Wayne Dyane Adams, prisoner number 34109-077, who was convicted of making a false statement in connection with the acquisition of a firearm, appeals the district court's denial of his "motion for judgment nunc pro tunc" and moves this court for authorization to proceed in forma pauperis (IFP) on appeal.  To proceed IFP, Adams must demonstrate both financial eligibility and

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a nonfrivolous issue for appeal. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).

Because Adams' motion challenged the manner in which his sentence is being executed, it is best construed as a 28 U.S.C. § 2241 habeas corpus petition. See Tijerina v. Thornburgh, 884 F.2d 861, 863 (5th Cir. 1989); United States v. Santora, 711 F.2d 41, 42 n.1 (5th Cir. 1983). The district court lacked jurisdiction to consider Adams' petition because he is incarcerated in the Eastern District of Texas. See United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990); see also 28 U.S.C. § 124(c)(2). Because the district court lacked jurisdiction over Adams' 28 U.S.C. § 2241 petition, Adams' appeal is without arguable merit and is thus frivolous. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Because this appeal is frivolous, it is DISMISSED, and Adams' motion to proceed IFP on appeal is DENIED. See 5th Cir. R. 42.2.