**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 92-1970
Summary Calendar

KENNETH R. KOETTING,

Petitioner-Appellant,

VERSUS

R.G. THOMPSON, Warden, Agent
for Dick D. Moore, Director
Missouri Dept. of Corrections
and Human Resources,

Respondent-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
3:92 CV 1744 H

(June, 2, 1993)

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

**BACKGROUND**

---

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

Kenneth R. Koetting, a federal prisoner, filed a petition for writ of habeas corpus naming as defendant, R.G. Thompson, Warden, FCI-Seagoville, Texas, in his capacity as agent for Dick D. Moore, Director, Missouri Department of Corrections & Human Resources, challenging a detainer lodged against him by the Missouri Board of Probation and Parole. Koetting alleged that the Missouri Board of Probation and Parole had refused to divulge the reason for the detainer and that the board's inaction was preventing him from preparing a defense to the parole revocation proceeding, which will take place after he is released from federal custody. Koetting further alleged that the detainer had a negative effect on his participation in rehabilitation programs and upon his custody status at FCI-Seagoville.

Magistrate Judge Sanderson granted in forma pauperis (IFP) and referred the case to himself "for further proceedings and/or his findings and recommendation." The magistrate judge found that Koetting had not satisfied the "in custody" prerequisite for habeas relief and that the district court did not have jurisdiction over the Missouri Department of Corrections, Board of Probation and Parole. The magistrate judge also concluded that, to the extent that Koetting's petition put at issue conditions of his confinement at FCI-Seagoville, he had failed to properly identify the Warden as a defendant in the action and had failed to exhaust his federal

2

administrative remedies.[1]   The district court adopted the magistrate judge's recommendation and dismissed the petition.

**OPINION**

Koetting complains that the magistrate judge unconstitutionally referred the matter to himself in violation of 28 U.S.C. § 636, which requires that such referrals be made by an Article III judge.  While the procedure employed in this case may be flawed, see United States v. Raddatz, 447 U.S. 667, 685-86, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980) (Blackmun, J., concurring) (Magistrates Act is constitutional because district courts retain "complete supervisory control" over activities of magistrate judges), Koetting has waived the issue by failing to preserve his objection.[2]  See Archie v. Christian, 808 F.2d 1132, 1134 (5th Cir. 1987) (en banc).

Koetting argues that the district court erred by concluding that Koetting was not "in custody" and that, accordingly, it had no jurisdiction.  Koetting also contends that the magistrate judge erred by dismissing the complaint without requiring the defendants

---

[1]   Although the district court's characterization of Koetting's claims as relating to "conditions of confinement" is questionable, Koetting does not contest on appeal the district court's conclusions (1) that the Warden at FCI-Seagoville is only a nominal party and (2) that Koetting has failed to exhaust administrative remedies.  Issues are waived if they are not briefed. Fed. R. App. P. 28(a)(4); see Marple v. Kurzweg, 902 F.2d 397, 399 n.2 (5th Cir. 1990).

[2]   Koetting is litigating this issue in another case, "Koetting v. Dallas County Commissions Court, et al.," No. 3-92CV-562-H.  He expressly withheld his objection in the instant case.

3

to respond to the petition by issuing a show cause order because his petition had an arguable basis in law.

The federal district courts have jurisdiction to consider habeas petitions of persons who are "<u>in custody</u> in violation of the Constitution or laws or treaties of the United States." <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (emphasis in original). In <u>Maleng</u>, the Court held that a federal prisoner incarcerated in California was "in custody" for purposes of his habeas challenge to a Washington state sentence which was scheduled to commence after the petitioner's release from federal custody. 490 U.S. at 493. Under <u>Maleng</u>, Koetting is "in custody" for purposes of the district court's habeas jurisdiction. Both the federal district court for the Northern District of Texas and the district courts in Missouri have concurrent jurisdiction over the habeas petition. <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 499 n.15, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973).

The magistrate judge mischaracterized the holdings in <u>Moody v. Daggett</u>, 429 U.S. 78, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976), <u>Tijerina v. Thornburgh</u>, 884 F.2d 861 (5th Cir. 1989), and <u>Cook v. United States Atty. Gen.</u>, 488 F.2d 667 (5th Cir.), <u>cert. denied</u>, 419 U.S. 846 (1974). The <u>Moody</u> and <u>Cook</u> Courts held that a prisoner against whom a detainer had been lodged in connection with a parole violation was not "in custody" and, therefore, did not have a right to an immediate parole revocation hearing. <u>Moody</u>, 429 U.S. at 87-88; <u>Cook</u>, 488 F.2d at 671. In <u>Tijerina</u>, the Court held that a prisoner was not entitled to credit against a parole

violation sentence for time served while a detainer related to the parole violation was in effect.  885 F.2d at 865-66.  Moody, Cook, and Tijerina do not answer the question whether a prisoner against whom a detainer has been lodged is "in custody" for purposes of the habeas statutes.

Nevertheless, Moody is arguably controlling in this case because its holding is predicated on the Court's conclusion that the lodging of a detainer against a prisoner in connection with a parole violation does not impinge a 14th Amendment liberty interest.  See Moody, 429 U.S. at 86-87.  Koetting is entitled to habeas relief only if he is "in custody in violation of the Constitution or laws or treaties of the United States."  Maleng, 490 U.S. at 490.  Under Moody, Koetting does not have a constitutional claim based upon a loss of liberty.

Koetting contends, however, that the actions of the Missouri authorities are interfering with his ability to defend against the parole revocation proceedings.  In United States v. Williams, 558 F.2d 224 (5th Cir. 1977), the Court noted that Moody had left unanswered the question "whether due process is violated when, although a detainer has lawfully been filed against the prisoner, the delay in execution actually impairs his ability to contest the fact of violation or to present mitigating evidence."  Id. at 227; see United States v. Fisher, 895 F.2d 208, 210-11 (5th Cir.), cert. denied, 495 U.S. 940 (1990).

Although the magistrate judge found that Koetting had "failed to state a claim over which this court has jurisdiction," the case

5

was apparently dismissed as legally frivolous under 28 U.S.C. § 1915(d). Under section 1915(d), an IFP complaint may be dismissed by the district court if it determines that the action is frivolous or malicious. A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." Denton v. Hernandez, ___ U.S. ___, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Although Koetting's allegations of prejudice are general and it is questionable whether he will be able to show prejudice under Williams, Koetting's petition has an arguable basis in law, and the district court improperly dismissed it as being legally frivolous. For these reasons, we vacate the district court's judgment and remand the cause for further proceedings consistent herewith.

Finally, Koetting contends that the district court failed to conduct a de novo review as required by 28 U.S.C. § 636(b). Although the district court stated that it had conducted the "required independent review" and had considered Koetting's objections, Koetting argues that the failure of the district court to make specific record references or to discuss the issues specifically is indicative of his failure to conduct a de novo review.

Because Koetting filed written objections to the magistrate judge's findings, he was entitled to a de novo review by the district court. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989). While this Court has remanded cases in which the district court's order adopting a magistrate judge's findings indicates that the district court

6

applied the wrong standard of review, see id., or failed to review pertinent portions of the record, see Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983), the Court will "assume that the district court did its statutorily commanded duty in the absence of evidence to the contrary." Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991). There is no evidence that the district court failed to conduct a de novo review, and the cases cited by Koetting do not stand for the proposition that the district court should be required to reiterate the findings and conclusions of the magistrate judge. See Nettles v. Wainwright, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982) (en banc) (Federal Magistrates Act enacted to increase the overall efficiency of the judiciary).

Koetting also argues that the district court's disposition of this case reflects its "purposeful and intentional bias and animus against pro-se litigants." While the district court misconstrued whether it had jurisdiction to hear this matter, the dismissal was based on a reasoned memorandum by the magistrate judge. There is no support in the record for the notion that Koetting's petition was reviewed more harshly because he is proceeding pro se.

We vacate the judgment of the district court and remand for further proceedings consistent herewith.