**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 10, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-31107
Summary Calendar

REQUELLE BRYANT,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-904
--------------------

Before DAVIS, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Requelle Bryant filed a complaint in federal district court asserting that the decision of the Commissioner to deny her supplemental security income (SSI) benefits was not supported by substantial evidence.  The district court reversed the decision of the Commissioner and remanded Bryant's case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for consideration of additional evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bryant does not assert that the district court erred in its judgment. Bryant's sole argument on appeal is that the district court erred by failing to address the arguments contained in her objections to the magistrate judge's report. In adopting the magistrate judge's report, the district court stated that it had conducted an independent review of the record including Bryant's objections. This court presumes that "the district court did its statutorily commanded duty in the absence of evidence to the contrary" when the district court states that it conducted an independent review. Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). Further, a district court's failure to consider timely filed objections will not constitute reversible error absent a showing of prejudice. See Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 646-47 (5th Cir. 1994). As Bryant concedes the district court did not err in its judgment, she cannot show prejudice with respect to her allegation the district court failed to consider the arguments contained in her objections. The judgment of the district court is AFFIRMED.