United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10533
Summary Calendar
_____

WILLIAM MORRIS RISBY,

                              Petitioner-Appellant,

versus

K. J. WENDT,

                              Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-0291-R
---------------------

Before JONES, BARSKDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

     William Morris Risby, federal prisoner # 31495-077, has

filed an application for leave to proceed in forma pauperis (IFP)

on appeal, following the dismissal for lack of jurisdiction of

his 28 U.S.C. § 2241 petition challenging the validity of his

convictions for conspiring to commit mail fraud and mail fraud.

A movant for IFP on appeal must show that he is a pauper and that

he will present a nonfrivolous appellate issue.  Jackson v.

Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The documentation of Risby's prison account indicates that he cannot pay the filing fee without facing undue hardship. See Adkins v. E. I. duPont de Nemours & Co., 335 U.S. 331, 339 (1948). However, Risby cannot establish that he would raise a nonfrivolous appellate issue. No error existed in the time it took the district court to consider his 28 U.S.C. § 2241 petition. See 28 U.S.C. § 2243. Risby has not shown that the denial of relief constituted retaliation. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). There is no evidence to show that the district court did not conduct a de novo review. See Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

Risby contends that the district court erred in construing his 28 U.S.C. § 2241 petition as a § 28 U.S.C. § 2255 motion. Because Risby is challenging proceedings giving rise to his conviction and sentence, the court properly construed his motion as arising under 28 U.S.C. § 2255. See United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994). As Risby has not established that 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention," he may not proceed under 28 U.S.C. § 2241. 28 U.S.C. § 2255 ¶ 5; see also 28 U.S.C. § 2255 ¶ 1; Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000). Because Risby's direct appeal was pending, the district court correctly concluded that it should not address the 28 U.S.C. § 2255 motion at this time. See Fassler v. United States, 858 F.2d 1016, 1019 (5th Cir. 1988).

Risby has not established that he will raise a nonfrivolous appellate issue. <u>Jackson</u>, 811 F.2d at 261. Accordingly, we DENY the motion to proceed IFP on appeal and we DISMISS Risby's appeal as frivolous. <u>See</u> <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 n. 24 (5th Cir. 1997); 5TH CIR. R. 42.2. We MODIFY the district court's dismissal from a "dismissal for lack of jurisdiction" to a "dismissal without prejudice." <u>See</u> <u>United States v. Ortega</u>, 859 F.2d 327, 334 (5th Cir. 1988). Risby's "Motion to Take Judicial Notice" of purportedly relevant case law is DENIED.

JUDGMENT MODIFIED; APPEAL DISMISSED; MOTION TO TAKE JUDICIAL NOTICE DENIED.