United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

No. 05-30927

STATE OF LOUISIANA, DIVISION OF ADMINISTRATION,

Plaintiff-Appellant,

VERSUS

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES;
MICHAEL O. LEAVITT, Secretary of the U.S. Department of
Health and Human Services,

Defendants-Appellees;

Appeal from the United States District Court
for the Middle District of Louisiana

(3:03-CV-856)

Before GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

The State of Louisiana, Division of Administration

(the "State") appeals a decision of the district court

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not
precedent except under the limited circumstances set
forth in 5TH CIR. R. 47.5.4.

granting summary judgment to the U.S. Department of Health and Human Services ("HHS") on the State's claims for declaratory and injunctive relief with respect to two adverse decisions rendered by HHS. We affirm.

In early September 2003, HHS determined that from 1997-2000, the State had charged the federal government for certain costs associated with state-administered federal programs that were not allowable under the relevant federal guidelines. HHS also determined that the State was not entitled to reimbursement for various allowable costs that the State had incurred but failed to bill to the federal government during the years 1989-1998.[1] Pursuant to these determinations, HHS requested an immediate cash refund from the State of $19.2 million. The State appealed this decision to HHS's Departmental Appeals Board, which affirmed the agency's decision. Later, in early November 2003, HHS determined that the State owed it an additional $8.7 million for similar

---

[1]However, HHS allowed the State a $387,044 reimbursement for allowable costs that the State had incurred but failed to bill to the federal government during the years 1999-2000.

overages, resulting in a total debt of approximately $27.8 million. The State did not appeal this decision.[2]

In late November 2003, the State filed suit against HHS and its Secretary, seeking (1) a declaration that the agency's decisions were arbitrary and capricious, an abuse of discretion, and contrary to law and (2) an injunction to prevent HHS from recovering the money owed. The parties filed cross-motions for summary judgment, which were referred to a magistrate judge. The magistrate judge recommended that the court deny the State's motion for summary judgment and grant HHS's motion, reasoning that HHS's decisions were not arbitrary and capricious, an abuse of discretion, or contrary to law under the relevant standard of review. The district court adopted the magistrate's report and recommendation without opinion, granted summary judgment in HHS's favor, and entered final judgment against the State. The State timely appealed.

---

[2]However, the letter containing the decision advised the State that the decision would constitute a final decision if the State did not appeal. Accordingly, the decision was a "final agency action" subject to judicial review under 5 U.S.C. § 704.

On appeal, we review a grant of summary judgment *de novo*, applying the same standard as the district court. *City of Shoreacres v. Waterworth*, 420 F.3d 440, 445 (5th Cir. 2005). Agency decisions are reviewed under the standard set forth in the Administrative Procedures Act; therefore, we will "hold unlawful and set aside" HHS's decisions only if we determine that they were "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* (quoting Administrative Procedures Act § 706(2)(A), 5 U.S.C. § 706(2)(A) (2000)). This so-called "arbitrary and capricious" standard of review is highly deferential, and it requires us to "accord the agency's decision[s] a presumption of regularity." *Pension Benefit Guar. Corp. v. Wilson N. Jones Mem'l Hosp.*, 374 F.3d 362, 366 (5th Cir. 2004) (internal quotation marks omitted). "[W]e are prohibited from substituting our judgment for that of the agency." *Id.* (internal quotation marks omitted). Further, to sustain an agency action, only a rational connection between the facts found and the decisions made is required, and "[i]t is well-established that an

agency's action must be upheld if at all, on the basis articulated by the agency itself." *Id.* at 366-67 (internal quotation marks omitted).

The State's primary argument, as we read it, is that the district court erred in upholding HHS's decisions because they were arbitrary and capricious: the decisions obligated the State to repay its debt immediately in cash--as opposed to permitting the State to credit the debt against future billings or adjust future billings to reflect the debt--and prohibited the State from obtaining an offset of $28.9 million for allowable costs that the State incurred but did not charge to the federal government. The State also argues that we should reverse the district court because the court did not conduct a *de novo* review of contested portions of the magistrate judge's report and recommendation and because the court, by adopting the magistrate judge's report and recommendation, improperly accorded great deference and controlling weight to HHS's rationale for its decisions.

Having carefully reviewed the briefs, the record, and the oral argument, we affirm the decision of the district

5

court essentially for the reasons articulated by HHS. HHS's decisions were not arbitrary and capricious. Further, we cannot agree with the State that the district court failed to conduct a *de novo* review,[3] and we find no error with respect to the district court's deferential review of HHS's rationale for its decisions.

AFFIRMED.

---

[3]Contrary to the State's allegations on appeal, the district court had access to the administrative record. Also, there is no requirement that the district court explicitly state that it is reviewing contested portions of a magistrate judge's report and recommendation *de novo*. *See Bannister v. Ullman*, 287 F.3d 394, 399 (5th Cir. 2002).