# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

No. 10-50497
Summary Calendar

Lyle W. Cayce
Clerk

DAVID LIGHTFOOT HERNANDEZ,

Plaintiff-Appellant

v.

SUSAN THOMSON, CPRS Regional Director, Individually and in her Official Capacity; TERESA GOLD, CPRS Program Director, Region 7, Individually and in her Official Capacity; ANNA CLARK MARTINEZ, CPRS Supervisor, Individually and in her Official Capacity; FELIPE A. MARTINEZ, Attorney at Law, Individually and in his Official Capacity; RALPH T. STROTHER, Honorable Judge, 19th District Court, Individually and in his Official Capacity; JANE A. HAGAR, CPRS Supervisor, Individually and in her Official Capacity; JESSE GUARDIOLA, CPRS Supervisor, Individually and in his Official Capacity; ALICIA GRAHAM, CPRS Program Director, Brownwood Staff, Individually and in her Official Capacity; JIM SUTTON, CPRS Program Director, Individually and in his Official Capacity; MICHELLE WELLS, CPRS Investigation Supervisor, Brownwood Office, Individually and in her Official Capacity; SHARON OWENS, CPRS Investigator (Specialist), Brownwood Office, Individually in her Official Capacity; LINDA MCCARVER, Parole Supervisor, Region I, Individually and in her Official Capacity; DOW FOGLEMAN, Parole Officer, Individually and in his Official Capacity; BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice, Individually and in his Official Capacity; BRIAN COLLIER, Deputy Executive Director, Texas Department of Criminal Justice, Individually and in his Official Capacity; MS. RHEESE, Supervisor, Temple Parole Office, Individually in her Official Capacity; LINDA SHULTZ, Supervisor, Temple Parole Office, Individually and in her Official Capacity; JERRY MASSIE, Supervising Parole Officer, Individually and in his Official Capacity; NORMAN SHOCKLEY, Supervising Parole Officer, Individually and in his Official Capacity; RON LLOYD, Supervising Parole Officer, Individually and in his Official Capacity; GWEN COX, Supervising Parole Officer, Individually and in his Official Capacity;

No. 10-50497

VERNON JUDY, Supervising Parole Officer, Individually and in his Official Capacity,

Defendants-Appellees

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-50

---

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

David Lightfoot Hernandez, Texas prisoner # 458230, appeals the dismissal of his 42 U.S.C. §§ 1983 and 1985(3) complaint as frivolous because it was barred by the applicable statute of limitations. In his complaint, Hernandez alleged that the defendants conspired to make a false accusation that he sexually assaulted his stepdaughter while he was on parole in 2002. He maintained that the false allegation, even though it was later disproved, resulted in the implementation of Special Condition O of his parole which prohibited him from having any contact with his stepdaughter. Hernandez asserted that after his parole was revoked for unrelated reasons, he learned in June 2007 that Special Condition O was still in his file.

Hernandez argues that the continuing tort doctrine makes his complaint timely. He maintains that the continued application of Special Condition O to him constitutes a continuing tort because it continues to violate his constitutional right to family integrity. He asserts that his learning that Special Condition O was still in his file in June 2007 did not trigger the running of the statute of limitations because he has no method by which he can challenge Special Condition O while incarcerated. He maintains that his allegation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

continuing intentional infliction of emotional distress overcomes the statute of limitations.

The statute of limitations applicable in the instant case is borrowed from that applicable to Texas personal injury claims, which is two years. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citation omitted). State law tolling provisions to a state statute of limitations that is adopted by federal law apply to federal civil actions. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). The continuing tort doctrine is an exception to the statute of limitations in Texas. *See Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 443 (Tex. App. 1997).

According to Hernandez, the false accusation of sexual assault was made in 2002, and Special Condition O was added in 2002. Hernandez did not allege that any of the defendants took any actions after 2002. All that Hernandez alleged was that Special Condition O continued to apply, causing him continuing emotional distress and other harm. These are allegations of continuing injury from actions occurring in 2002, not a continuing tort occurring to the present day. *See Arquette v. Hancock*, 656 S.W.2d 627, 629 (Tex. Ct. App. 1983). While Texas courts have sometimes held that the intentional infliction of emotional distress constitutes a continuing tort, that is only when the actions of the defendants, such as harassment, continue to occur, not when emotional distress caused by previous actions continues to be felt. *See Zurita v. Lombana*, __ S.W.3d __, 2010 WL 3782170 at *5 (Tex. Ct. App. Sept. 30, 2010). As Hernandez alleged merely continuing injury, not continuing tortious actions, the continuing

tort doctrine does not apply. *See Rogers v. Ardella Veigel Inter Vivos Trust No. 2*, 162 S.W.3d 281, 290 (Tex. Ct. App. 2005).

Hernandez's allegations concern actions taken by the defendants in 2002. Hernandez did not allege that he only recently learned of the actions taken by the defendants; the last thing he alleges that he learned was that Special Condition O was still in his file in June 2007. He filed the present civil action, at the earliest, on December 27, 2009. Accordingly, Hernandez's civil action was barred by the applicable two-year statute of limitations, and the district court did not abuse its discretion by dismissing the civil action. *See Helton v. Clements*, 832 F.2d 332, 334-36 (5th Cir. 1982).

The district court's dismissal of Hernandez's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We caution Hernandez that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.