# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2012

No. 12-50020
Summary Calendar

Lyle W. Cayce
Clerk

DAVID LIGHTFOOT HERNANDEZ,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice, Individually and in his Official Capacity; BRYAN COLLIER, Executive Director, Texas Board of Pardons and Paroles, Individually and in his Official Capacity; LINDA MCCARVER, Regional Supervisor, Board of Pardons and Paroles, Individually and in her Official Capacity; LINDA SCHULTZ, Temple Parole Office Supervisor, Individually and in her Official Capacity; VERNON JUDY, Parole Officer, Individually and in his Official Capacity; GWEN COX, Parole Officer, Individually and in her Official Capacity; RON LLYOD, Parole Officer, Individually and in his Official Capacity; DOW FOGELMAN, Parole Officer, Individually and in his Official Capacity; RON MASSIE, Parole Officer, Individually and in his Official Capacity; JOHN AND JANE DOES 1-31, Senators, Individually and in his/her Official Capacity; JOHN AND JANE DOES 1-150, Representatives, Individually and in his/her Official Capacity; GOVERNOR RICK PERRY, Individually and in his Official Capacity; ET AL; JOHN DOES, Past, present, and future in his/her Official Capacity as Executive Director of the Texas Department of Criminal Justice, and Individually; JOHN DOES, Past, present, and future Administrators, Parole Board Members, Parole Officers, and other agents working for the Texas Department of Criminal Justice, Individually and in their Official Capacity; JOHN DOES, Past, present, and future Members of the Texas Legislature, Individually and in their Official Capacity; JOHN DOES, present, and future Governor of the State of Texas, Individually and in his/her Official Capacity,

Defendants-Appellees

No. 12-50020

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CV-55

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Lightfoot Hernandez, Texas prisoner # 458230, seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous and for failure to state a claim upon which relief may be granted. By moving for leave to proceed IFP, Hernandez is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Hernandez argues that the district court did not properly consider his objections to the magistrate judge's report and recommendation. He maintains that the district court erred by dismissing his claims challenging the imposition of electronic monitoring and house arrest conditions upon him while he was released on mandatory supervision. He asserts that the electronic monitoring and house arrest conditions were impermissible because the Texas Board of Pardons and Paroles (TBPP) did not have the power to impose those conditions. He maintains that the electronic monitoring and house arrest constituted false imprisonment and violated his due process rights because those conditions were not listed on the face of his original certificate of mandatory supervision. He contends that electronic monitoring and house arrest could not be lawfully imposed upon him because the certificate of mandatory supervision was a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contract that he refused to sign. Hernandez argues that the district court erred by dismissing his claim that he was unconstitutionally not given credit on his sentence for the time he was released on mandatory supervision. He maintains that the district court erred by dismissing his claim that the defendants acted in bad faith.

Because Hernandez submitted written objections to the magistrate judge's report and recommendation, the district court was required to conduct a de novo review of the report and recommendation, Hernandez's objections, and the record. *See* 28 U.S.C. § 636(b); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Although the district court did not discuss the merits of Hernandez's claims, it adopted the magistrate judge's report and recommendation, and the district court was not required to reiterate the findings of the magistrate judge or making new findings. *Koetting*, 995 F.2d at 40.

The district court found, and Hernandez acknowledged, that TEX. GOV'T CODE § 508.221 authorizes the TBPP to impose a condition of electronic monitoring that Hernandez asserts amounts to house arrest. Hernandez, however, argued that § 508.221 violated the Texas Constitution because it gave powers to the executive branch that were exclusively reserved to the judicial branch by TEX. CODE CRIM. PRO. Art. 42.12, § 1. He contended that because electronic monitoring was listed as a condition that Texas courts could impose on community supervision under Art. 42.12, the TBPP was infringing on the powers of the judicial branch by imposing the same condition as a condition of release on mandatory supervision.

The community supervision statute provides only that the conditions of community supervision are the responsibility of the Texas courts; it does not provide that the conditions of community supervision set forth in the community supervision statute cannot be used by the executive branch for inmates on parole or mandatory supervision. *See* Art. 42.12. Accordingly, § 508.221 does not infringe on the province of the judicial branch in violation of the Texas

Constitution. *See* Art. 42.12. Hernandez's argument to the contrary is without merit. *See id.*

Hernandez's assertion that the imposition of electronic monitoring and house arrest was unconstitutional because those conditions were not included on his original certificate of mandatory release is also without merit. When a prisoner is released on mandatory supervision, the state must give him "a written statement stating in clear and intelligible language the conditions and rules of [his] supervision." TEX. GOV'T CODE ANN. § 508.154(c). However, Hernandez "has no federal right to insist that a state follow its own procedural rules." *Jackson v. Cain*, 864 F.2d 1235, 1252 (5th Cir. 1989).

While parolees are required to sign a parole contract and accept the conditions of parole in order to be released, Texas law does not require inmates released on mandatory supervision to sign a contract. It requires only that inmates released on mandatory supervision be given the rules and conditions of their release in writing. *See* § 508.154(b), (c). Texas law further requires all releasees, whether on parole or mandatory supervision, to "be amenable to the conditions of supervision ordered by a parole panel." § 508.154(d).

Hernandez argues that the inclusion of signature blocks for him and a state official to sign showed that the certificate of mandatory supervision was intended to be a contract and that his refusal to sign it showed that there was no binding contract. However, the case to which he cites, *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 407-11 (5th Cir. 1996), concerned a civil contract between two private parties, not a criminal matter such as release on mandatory supervision where the law provides that an inmate released on supervision must be amenable to the conditions imposed. *See* § 508.154(d). As Texas law does not require inmates released to mandatory supervision to sign a contract, Hernandez's allegation that conditions of electronic monitoring and house arrest could not apply to him because he refused to sign his certificate of mandatory supervision is without merit. *See* § 508.154(c).

A prisoner's challenge to the fact or duration of his confinement that seeks a shorter term of confinement or immediate release must be brought in a habeas corpus action, not a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As Hernandez's claim for credit on his sentence for the time he spent on mandatory supervision, if successful, would necessarily demonstrate the invalidity of the duration of his current confinement, it could not be brought in the present § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Furthermore, the claim is without merit; inmates do not have a federal constitutional right to sentence credit for time spent on parole, and time spent subject to electronic monitoring and home detention is not time in physical custody. *See Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); *cf. Reno v. Koray*, 515 U.S. 50, 58-59 (1995).

Hernandez's bad faith claim was not a stand alone claim, and, as Hernandez acknowledged in the district court, his bad faith claim cannot stand "without identifying any liberty interest of which he was deprived in violation of his constitutional rights." As shown above, Hernandez's complaint failed to allege a constitutional or federal law claim upon which relief may be granted. Accordingly, his bad faith claim must also fail. *See Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) ("To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.").

Hernandez's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The IFP motion is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

Both the dismissal of this appeal and the district court's dismissal of Hernandez's complaint count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Hernandez has previously accumulated at least one strike. *See Hernandez v. Thompson*, 464 F. App'x 221,

223 (5th Cir. 2010).  As Hernandez has now accumulated three strikes, he is barred from proceeding IFP pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.