**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2013

No. 12-10777

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAMUEL FELIX,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 2:09-CR-28-1

Before STEWART, Chief Judge, and KING and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Samuel Felix appeals the district court's denial of his motions to suppress evidence, arguing that the district court did not conduct a de novo review of the magistrate's report and recommendations. For the reasons stated herein, we AFFIRM.

**I.**

After a routine traffic stop led to a search of the car he was driving, Felix was charged with possession of 500 grams or more of a mixture containing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10777

methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Alleging multiple constitutional challenges, Felix moved during pretrial proceedings to suppress evidence of the drugs resulting from the search and to suppress statements he made afterward. The district court referred the motions to a magistrate judge, who subsequently held a suppression hearing and recommended denying the motions. The district court gave Felix one full business day and two partial business days to file objections to the magistrate's report.

Felix filed a two-page objection to the report and recommendation, noting that he had not had an opportunity to order or review a transcript of the evidentiary hearing, that his initial encounter with the police officers was the result of racial profiling, and that the officers' request to search his vehicle was made in violation of his constitutional rights. He requested that the district court conduct a de novo review. The next day, the district court overruled Felix's objections to the report, adopted the report and recommendation, and denied his motions to suppress. The district court stated that it had "made an independent examination of the record" in the case. Felix later entered a conditional guilty plea to the indictment. His plea agreement contained a provision preserving his right to appeal the denial of his motions to suppress. This appeal ensued.

## II.

On appeal, Felix argues that the district court did not conduct a de novo review of the evidence before adopting the magistrate judge's recommendations on Felix's motions to suppress. Specifically, he maintains that de novo review was impossible because there was no transcript from the magistrate judge's hearing available and the audio recording was not part of the official record.

The Government counters that Felix's argument regarding the lack of de novo review was waived because it was not expressly preserved in his conditional guilty plea. It also argues that Felix's objections to the magistrate

2

judge's report did not meet the requisite specificity to trigger de novo review. *See* Fed. R. Civ. P. 72(b)(2); *see also Mosley v. Quarterman*, 306 Fed. App'x 40, 43 n.2 (5th Cir. 2008); *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).  The Government further argues that, in any event, we must presume the district court's review was de novo in the absence of any evidence to the contrary.

Assuming arguendo that Felix's conditional guilty plea preserved his argument that the district court did not conduct a de novo review and that his objections were sufficient, we nevertheless conclude that Felix's argument fails.

In the absence of evidence that the district court did not conduct a de novo review, we assume that it did.  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000) ("The district court specified in its final judgment that it had reviewed the entire record. Absent evidence to the contrary, this court is compelled to believe that the district court performed this duty." (internal citations omitted)); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) ("[T]he Court will assume that the district court did its statutorily commanded duty in the absence of evidence to the contrary." (internal quotations omitted)); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991) ("The district court's order stated that '[f]or the reasons set forth in the Magistrate's Report to which an objection was filed; IT IS ORDERED that . . . the defendant's motion for summary judgment be granted.'  We cannot say that this language indicates a failure to make a de novo review of the magistrate's report, the record, and plaintiff's objections. . . . We assume that the district court did its statutorily commanded duty in the absence of evidence to the contrary."); *see also Louisiana v. U.S. Dep't of Health & Human Servs.*, 207 F. App'x 379, 381 n.3 (5th Cir. 2006) (per curiam) (unpublished) ("[T]here is no requirement that the district court explicitly state

that it is reviewing contested portions of a magistrate judge's report and recommendation de novo.").

Moreover, as we have previously held, in an evidentiary suppression case a district judge must "consider[] the actual testimony, and not merely . . . review[] the magistrate's report and recommendations." *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir.1981); *see also Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983) (indicating that a district judge must either review the transcript or listen to an audio recording); *Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352, 356 (5th Cir. 1980) (holding that a district judge cannot complete a de novo review "without at least reading a transcript or listening to a tape recording of the testimony of the witness."*).* There is no indication that the district court did not do this here. Although the transcript was not prepared until after the district court issued its order, the record shows that the evidentiary hearing before the magistrate judge was "recorded by digital sound recording" and that the district court docket sheet indicated that a "Digital File" of the evidentiary hearing conducted by the magistrate judge was available to the district court.

Here, in its order overruling Felix's objections, adopting the magistrate judge's report and recommendations, and denying Felix's motions to suppress, the district court stated that it had "made an independent examination of the record in this case." Thus, in the absence of evidence to the contrary, we will assume that the district court fulfilled its "statutorily commanded duty" to conduct a de novo review of the record prior to adopting the magistrates judge's report and recommendations on Felix's motions to suppress. *See Koetting*, 995 F.2d at 40.

In light of our holding affirming the district court's denial of Felix's motions to suppress, we need not reach Felix's argument that upon remand this case should be assigned to a different district court judge.

No. 12-10777

## III.

For the foregoing reasons, we AFFIRM the district court's denial of Felix's motions to suppress.