# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2026

Lyle W. Cayce
Clerk

No. 25-30563
Summary Calendar

———————

Kevin Dukes,

*Plaintiff—Appellant*,

*versus*

Mark Garber, *in his Individual Capacity*; Sheriff's Office of Lafayette Parish; Jonathan Young, *in his Individual Capacity*; Does 1-10; Parish of Lafayette,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:25-CV-97

———————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Kevin Dukes appeals the district court's dismissal of his 42 U.S.C. § 1983 pro se complaint as frivolous and for failure to state a claim. *See* 28

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30563

U.S.C. § 1915(e)(2)(B)(i)–(ii).   We review such dismissals de novo.  *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam).

Dukes argues that (1) the district court failed to consider his objections to the magistrate judge's report and review the case de novo, (2) the dismissal of his complaint before service of process violated his due process rights, (3) the district court failed to construe as true the statements in his affidavit supporting his complaint, (4) the district court failed to afford his pro se filings liberal construction, (5) the district court's adjudication of his case violated his right to access the courts and due process, (6) the judgment entered in his case was void because it was entered without due process, and (7) his complaint was timely.  Dukes's arguments concerning the timeliness of his complaint are misplaced because the district court did not dismiss his case on limitations grounds. And, to the extent that Dukes does not challenge the district court's reasons for dismissing his substantive claims as frivolous and for failure to state a claim, he has abandoned any such arguments.  *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Contrary to Dukes's arguments, the district court was authorized to issue a sua sponte dismissal order.  *See* 28 U.S.C. § 1915(e); *see Newsome v. EEOC*, 301 F.3d 227, 231–33 (5th Cir. 2002) (per curiam).  To the extent that Dukes argues that the referral of his case to the magistrate judge violated his constitutional rights, his claim seems to be based on the misapprehension that the report and recommendation constituted an adjudication of his case. A district court can refer a matter to a magistrate judge to conduct hearings and issue proposed findings.  *See* 28 U.S.C. § 636(b)(1)(B); *United States v. Raddatz*, 447 U.S. 667, 680–84 (1980).  Such a referral is constitutional because "the district court judge alone acts as the ultimate decisionmaker" with "the broad discretion to accept, reject, or modify the magistrate's proposed findings." *Raddatz*, 447 U.S. at 680.

No. 25-30563

Next, because Dukes filed objections to the magistrate judge's report and recommendation, he was entitled to de novo review.  *See* 28 U.S.C. § 636(b); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam). While the district court did not explicitly state the standard of review, it stated that it had considered Dukes's objections.  We "will assume that the district court did its statutorily commanded duty in the absence of evidence to the contrary."  *Koetting*, 995 F.2d at 40 (internal quotation marks and citation omitted).  Dukes fails to present any reason to believe the district court applied the wrong standard of review, failed to review the record, or otherwise failed to conduct a de novo review. *See id.* Dukes also fails to cite any examples of the district court's refusal to defer to the facts alleged in his affidavit or of its failure to construe his pleadings liberally.  Accordingly, these arguments lack merit.

The judgment of the district court is AFFIRMED.